JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-2995 JGB (DTBx)** | Date | July 9, 2026 |
|---|---|---|---|
| Title | ***Thomas Dorobiala v. Geri-Care Pharmaceuticals Corp, et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) REMANDING Case to the Superior Court of California for the County of Riverside (IN CHAMBERS)**

Before the Court is a notice of removal filed by Defendant Geri-Care Pharmaceuticals Corp. ("Defendants"). ("Notice of Removal," Dkt. No. 1.) After considering the Notice of Removal, the Court sua sponte **REMANDS** the case to the Superior Court of California for the County of Riverside.

## I.  BACKGROUND

On January 30, 2026, Plaintiff Thomas Dorobiala ("Plaintiff") filed a complaint against Defendant in the Superior Court of California for the County of Riverside. ("Complaint," Dkt. No. 1, Ex. A.) Defendant's Notice of Removal indicates that the Complaint was served on April 20, 2026. (Notice of Removal at 3.) The case was removed to this Court on May 19, 2026. (Notice of Removal.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal quotation omitted). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "[C]omplete

diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability must be resolved in favor of remanding the case to state court. Matheson, 319 F.3d at 1090.

### III. DISCUSSION

The Notice of Removal asserts that the "matter in controversy exceeds the sum of $75,000, excluding interest and costs. The Complaint seeks damages in an amount not less than $75,000." (Notice of Removal at 3.) For this position, the Notice of Removal cites to the Complaint itself at paragraphs 12 and 13, which state:

12. Geri-Care Pharmaceuticals Corp. ("Defendant") manufactures, markets, and sells various items including, "Tolnaftate Antifungal Powder 1%" (Tolnaftate Antifungal Powder 1%). Defendant sells Tolnaftate Antifungal Powder 1% in a cylinder container. This container makes it appear as if the consumer is receiving a much larger amount of Tolnaftate Antifungal Powder 1% than is actually contained in the container. Upon opening the container, consumers will find that not only is the container not filled to capacity but that a substantial amount of the container is empty with only about 60% of the container actually filled to capacity. This deception makes it appear to consumers that they are purchasing much more of the product than they actually are. The actual amount of Tolnaftate Antifungal Powder 1% that consumers are purchasing is significantly smaller than the container would contain if it were full. Pictures of this deceptive packaging are shown in Exhibits C-D attached hereto.

13. From the photographs making up Exhibits C-D, it is obvious that Defendant is deceiving consumers into believing that they are purchasing far more Tolnaftate Antifungal Powder 1% than the actual container contains. Defendant does this purposefully to drive sales and deceive consumers. Defendant's packaging is deceptive and this deception is intentional and deceived Plaintiff.

(Compl. ¶¶ 12-13.) Neither of these paragraphs provides any information whatsoever to estimate the damages at stake in this case. Nor, as far as the Court can tell, do any other allegations in the

---

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk MG

Complaint.  Plaintiff is a single individual[1] asserting state law claims about the purchase of a drug store product that was allegedly improperly labeled.  Nothing about these allegations on their face indicates an amount in controversy anywhere near $75,000.  Defendants do not offer any further support for their contention that more than $75,000 is in controversy.

For the foregoing reasons, the Court finds that the amount in controversy is not satisfied on the face of the Complaint.  The Court orders that this case be **REMANDED** to the Superior Court of California for the County of Riverside.

**IT IS SO ORDERED.**

---

[1] Plaintiff's Complaint does not raise class allegations; the Complaint merely references *potential* class allegations that may arise in a future amended complaint.  The amount in controversy is judged based on the operative complaint at the time of removal, and as of the time of removal there are no class allegations in the Complaint.  See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").